

**FILED & ENTERED**

**DEC 07 2017**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** sumlin    **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>MAY HAI COOPER,<br><br>Debtor[s]. | Case No.: 2:17-bk-24306-NB<br><br>Chapter 13<br><br>**ORDER RE NON-DISMISSAL FOR FAILURE TO COMPLY WITH CREDIT COUNSELING REQUIREMENT**<br><br>[No hearing required] |

    The above-referenced debtor (1) did not file a certificate (Official Form 423) showing credit counseling <u>before</u> filing the bankruptcy petition, or such certificate appears to be deficient, or, if applicable, (2) the debtor's assertion of exigent circumstances (*e.g.,* in that official form) did not adequately establish (a) that the debtor "requested" such counseling but was "unable" to obtain such services "during the 7-day period" following that request or, alternatively, (b) that the debtor qualifies for a waiver of the credit counseling requirement due to incapacity, disability or active duty. Therefore, it appears that the debtor is not in compliance with 11 U.S.C. § 109(h). The Court could dismiss this case for that noncompliance, but dismissal sometimes harms not only the debtor but also creditors, and failure to comply with § 109(h) is not jurisdictional and is waivable. *See In re Mendez*, 367

B.R. 109 (9th Cir. BAP 2007).  Therefore it appears appropriate not to act on the Court's own motion.  Based on the foregoing,

    IT IS ORDERED that, to the extent that the debtor expressly or implicitly seeks an order temporarily or permanently waiving the credit counseling requirement, that request is denied.  Nevertheless, without prejudice to the rights of any party in interest to seek dismissal for failure to comply with the credit counseling requirement, the Clerk of Court is directed NOT to dismiss this case on account of such failure.

###

Date: December 7, 2017

Neil W. Bason
United States Bankruptcy Judge